IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Jianjia Chen,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>    Defendants. | Case No. 1:26-cv-1894<br><br>**COMPLAINT** |

## **COMPLAINT**

Plaintiff Jianjia Chen (hereinafter, "Plaintiff") hereby brings this Complaint against Defendants, the partnerships and unincorporated associations identified on Schedule "A" (hereinafter, "Defendants"), and alleges as follows:

### I. INTRODUCTION

Plaintiff brings this action against Defendants for the alleged infringement of Plaintiff's intellectual property rights. These claims arise from the infringement of Plaintiff's Design Patent U.S. ▇▇▇▇▇▇ (hereinafter, the "Asserted Patent"). Defendants operate e-commerce stores on various online e-commerce platforms and use those stores to market, distribute, offer for sale, and sell infringing products that look almost identical to the products sold by Plaintiff. Plaintiff alleges that Defendants' actions constitute infringement of Plaintiff's Asserted Patent.

### II. PARTIES

1. Plaintiff is an individual residing in China. Plaintiff is engaged in the business of marketing, distributing, and selling products through online e-commerce platforms, including within the Northern District of Illinois. One of Plaintiff's primary products is the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ("Plaintiff's

Product").

2. Plaintiff is the owner of the Asserted Patent covering the ▆▆▆▆. A true and correct copy of the Asserted Patent is attached hereto as **Exhibit 1**.

3. Defendants are various companies that operate one or more e-commerce storefronts under multiple fictitious names or aliases. Defendants market, offer for sale, and sell products that unlawfully copy, reproduce, and/or embody Plaintiff's patented product protected by the Asserted Patent (the "Infringing Products"). Defendants' aliases are identified on **Schedule A**, and the Infringing Products are further identified by links where they are sold on third-party e-commerce platforms on **Schedule A.**

4. The true names, identities, and addresses of Defendants are currently unknown and unverifiable due to the nature of their online operations. Certain aliases under which Defendants operate their e-commerce stores are not linked or associated with the true names of the Defendants. These aliases are not connected with the true names of the Defendants to conceal their identities and the true scope of their operations. Plaintiff pleads with the Court that further discovery be allowed for Plaintiff to obtain information regarding Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

5. Defendants conduct their illegal operations through fully interactive commercial storefronts hosted on e-commerce platforms (hereinafter, the "Infringing Storefronts"). Defendants target consumers in the United States, including the State of Illinois, and have offered to sell and, on information and belief, have sold and continue to sell Infringing Products to consumers within the United States, including the State of Illinois. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

### III. NATURE OF THE ACTION

6. This is a civil action for design patent infringement under the laws of the United States, 35 U.S.C. §§ 171, 271, 284, 289.

## IV. JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Defendants are entities subject to personal jurisdiction in this District. Defendants directly target business activities toward consumers in the United States, including Illinois, through their fully interactive e-commerce storefronts, and have offered for sale and, on information and belief, have sold and continue to sell infringing products to consumers in this District.

## V. GENERAL FACTS

9. In ▓▓▓, Plaintiff applied for and obtained a design patent for the ▓▓▓ the Asserted Patent. Plaintiff independently conceived and created the slipper. Plaintiff invested substantial time, effort, and resources in producing the patented product. Defendants' infringing conduct has caused and continues to cause significant harm to Plaintiff.

10. Plaintiff is the owner of all rights, title, and interest in the Asserted Patent. The design patent application was duly filed with the United States Patent Office ("USPTO") in ▓▓▓. USPTO granted the patent application with an effective date of ▓▓▓▓▓▓▓. The Asserted Patent is valid and enforceable.

11. Since that time, Plaintiff has continuously used the Asserted Patent in connection with its products.

12. Plaintiff has distributed and sold Plaintiff's Product covered by the Asserted Patent in commerce in the United States, including Illinois, for several years. Through such use, Plaintiff has established goodwill and recognition associated with its products and the Asserted Patent.

13. As a result of Plaintiff's substantial sales of the product, Plaintiff has established considerable goodwill associated with the Asserted Patent.

14. Recently, Plaintiff discovered that Defendants were, and continue to be, operating fully interactive and active e-commerce storefronts on online e-commerce platforms, through which they promote, advertise, market, distribute, offer for sale, and sell products using Plaintiff's Asserted Patent without authorization.

15. The Asserted Patent has never been assigned or licensed to the Defendants in this matter.

16. On information and belief, Defendants have had full knowledge of Plaintiff's ownership of the Asserted Patent, including its exclusive right to use and license such intellectual property.

17. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce storefronts on online e-commerce platforms that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and funds from U.S. bank accounts, and, on information and belief, have sold Infringing Products to residents of Illinois.

18. Defendants knowingly and willfully import, distribute, offer for sale, and sell Infringing Products through their e-commerce storefronts on online e-commerce platforms. Without any authorization or license from Plaintiff, Defendants have knowingly and willfully offered for sale, sold, and imported into the United States for resale or use products that directly and indirectly infringe Plaintiff's Asserted Patent. Defendants' e-commerce storefronts offer shipping to the United States, including Illinois.

19. Defendants' Infringing Products are substantially similar to Plaintiff's Products, and Defendants' unauthorized copying of Plaintiff's patented product is apparent.

20. Without Plaintiff's authorization, Defendants have manufactured, imported, distributed, offered for sale, and sold Infringing Products on third-party products such as Amazon.com. Such third-party platforms do not require the sellers to verify their identities beyond their provision of the Aliases. This lack of requirement for identity

verification creates loopholes for Defendants to hide their identities. On information and belief, many of the Defendants would register multiple aliases through the platforms and market and sell products via the multiple accounts registered with these aliases. This tactic allows Defendants to hide their true identities and scope of their business. In addition, this tactic allows Defendants to avoid lawsuits and legal liabilities. For example, when a claimant (similar to the Plaintiff here) discovers an infringement committed by particular aliases, the claimant may try to allege the claims against the individual/entities behind the aliases. Then, the individual/entity may well close the alias, and quickly move to the next alias and account. For the claimant (as the true holder of rights), this creates a forever-lasting game of "Wack-A-Mole."

21. Defendants' sales and distribution of Infringing Products violate Plaintiff's exclusive rights and have caused, and continue to cause, irreparable harm to Plaintiff.

22. Defendants' infringing conduct is willful and intentional, undertaken with knowledge of Plaintiff's rights or with reckless disregard thereof, and has caused and will continue to cause Plaintiff irreparable harm.

## COUNT I
## INFRINGEMENT OF THE ASSERTED PATENT
### (35 U.S.C. §§ 171, 271, 283-4, 289)

23. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

24. Plaintiff is the owner of the Asserted Patent. Plaintiff's exclusive rights include the right to issue licenses of the Asserted Patent.

25. Defendants have infringed the Asserted Patent by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Produced without authorization or license from Plaintiff.

26. Defendants have profited by their infringement of the Asserted Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

27. Defendants have infringed the Asserted Patent and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

28. Defendants' conduct constitutes a separate and distinct act of infringement.

29. Defendants' conduct has at all times been willful, intentional, purposeful, and in disregard of and indifferent to the rights of Plaintiff.

30. Plaintiff is also entitled to recover damages adequate to compensate for the losses caused by the infringement, including Defendants' profits pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert or participation with them, be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products;

   b. Aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products; and

   c. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

2. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, online marketplace platforms, such as, but not

limited to, Amazon, Temu, Tiktok, Walmart, Shein (collectively, the "Third Party Providers"), shall disable and cease displaying any listings, advertisements, or sales channels used by or associated with Defendants in connection with the sale of Infringing Products;

      3. That Plaintiff be awarded such damages prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the Asserted Patent, but in no event less that a reasonable royalty for the use of the invention by Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

      4. That the amount of damages awarded to plaintiff to compensate Plaintiff for infringement of the Asserted Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

      5. Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action; and

      6. Award any and all other relief that this Court deems just and proper.

Date: February 19, 2026                                                         Respectfully submitted,

                                                                                     /s/ Mandy Yueqi Wu
                                                                                     Mandy Yueqi Wu
                                                                                     Valley & Summit Law
                                                                                     One Park Plaza, Suite 600
                                                                                     Irvine, California 92614
                                                                                     Tel: (949) 342-8013
                                                                                     mandy.wu@valleysummitlaw.com

                                                                                    *Counsel for Plaintiff*
                                                                                    *Jianjia Chen*