**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Jianjia Chen,<br><br>   Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>   Defendants. | Case No. 1:26-cv-1894<br><br>Complaint Filed: 2/19/2026 |

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Plaintiff Jianjia Chen ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 4(f)(3) for an Order authorizing service of process on Defendants by alternative means.

Plaintiff seeks leave to serve Defendants by (1) electronically publishing a link to the Summons, Complaint, Temporary Restraining Order, and related pleadings on a secure website established for this litigation, and (2) transmitting notice of this action via email to the email addresses associated with Defendants' e-commerce storefronts, seller accounts, and other email addresses identified during Plaintiff's investigation. Plaintiff submits that these methods are reasonably calculated under the circumstances to provide Defendants with notice of this action and an opportunity to respond.

In support of this Motion, Plaintiff relies on the accompanying Memorandum of Law and the Declaration of Mandy Wu.

WHEREFORE, Plaintiff respectfully requests that the Court authorize

1

alternative service pursuant to Rule 4(f)(3) and grant such other relief as the Court

deems just and proper.

Date: February 20, 2026

Respectfully submitted,

/s/ Mandy Yueqi Wu
Mandy Yueqi Wu
Valley & Summit Law
One Park Plaza, Suite 600
Irvine, California 92614
Tel: (949) 342-8013
mandy.wu@valleysummit
law.com

*Counsel for Plaintiff
Jianjia Chen*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Jianjia Chen, | Case No. 1:26-cv-1894 |
|        Plaintiff, | |
| v. | Complaint Filed: 2/19/2026 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
|        Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff Jianjia Chen ("Plaintiff") respectfully requests this Court's authorization to serve Defendants by electronic means. Specifically, Plaintiff seeks leave to effect service by (1) electronically publishing a link to the Complaint, the Temporary Restraining Order, and other relevant pleadings on a secure website established for purposes of this litigation, and/or (2) sending emails containing links to such website to the email addresses identified during Plaintiff's investigation, including email addresses associated with Defendants' e-commerce storefronts and any email addresses provided by Defendants to third-party service providers.

Plaintiff submits that providing notice via electronic publication and email, together with any notice Defendants receive from third-party service providers, is reasonably calculated under all the circumstances to apprise Defendants of the

pendency of this action and afford them an opportunity to present their objections.

Electronic service is appropriate and necessary in this case because offshore e-commerce sellers offering infringing products frequently provide false, misleading, or incomplete names and physical address information to conceal their identities and avoid liability. Such sellers also rely primarily on electronic communications to conduct business, manage storefronts, and communicate with customers and third-party service providers. Accordingly, electronic service is far more likely to provide actual notice than traditional methods of service. (Wu Decl. ¶¶ 2, 4.)

Authorizing service via email and electronic publication will ensure that Defendants receive prompt notice of this action and will allow the case to proceed efficiently. Without alternative service, Plaintiff risks being unable to obtain effective relief or pursue final judgment against Defendants, who operate anonymously and outside the United States. (Id. ¶¶ 2, 6.)

An investigation of the e-commerce storefronts operating under the Seller Aliases identified in Schedule A demonstrates that few, if any, list a physical address. (Wu Decl. ¶3.) Although Defendants are typically required to provide both an email address and a physical address when registering marketplace accounts, physical addresses are generally not verified by online marketplace platforms. By contrast, email addresses are routinely verified and actively used for account management and customer communications.

Because e-commerce sellers may input any physical address during registration, such addresses are frequently false, incomplete, or unrelated to Defendants' actual

locations. Accordingly, even where a physical address is provided, it does not constitute a reliable means of identifying or locating Defendants for purposes of service of process. (Id.)

In addition, e-commerce store operators must provide a valid email address to customers for purposes of completing payment transactions and managing their e-commerce storefronts. Moreover, merchants operating entirely online must routinely access their e-commerce accounts to ensure proper operation and to communicate electronically with customers and service providers. Accordingly, it is far more likely that Defendants can be effectively served through electronic means than through traditional methods of service of process. (Id.)

Federal Rule of Civil Procedure 4(f)(3) permits this Court to authorize service of process by any means not prohibited by international agreement, as directed by the Court. See *Gianni Versace, S.p.A. v. Yong Peng*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). The Ninth Circuit in *Rio Properties* held, "without hesitation," that service by email on an online business defendant was constitutionally permissible. *Id.* at 1017. The court reached this conclusion, in part, because the defendant conducted business over the Internet, regularly used email in its operations, and encouraged communication via email. (Id.)

Plaintiff has good cause to believe that Defendants are located in China and/or Hong Kong. The People's Republic of China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial

Matters (the "Hague Convention").

Article 1 of the Hague Convention provides that the Convention does not apply where the address of the person to be served is unknown. United States District Courts, including courts within this District, routinely authorize alternative service notwithstanding the Hague Convention under such circumstances. *See, e.g.,* *Gianni Versace, S.p.A. v. Yong Peng*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) ("The plain language of Rule 4 requires only that service be made as directed by the court and not prohibited by international agreement."); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) (plaintiffs are not required to attempt Hague Convention service before seeking relief under Rule 4(f)(3)); *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331–32 (S.D.N.Y. 2015); *In re LDK Solar Sec. Litig.*, 2008 U.S. Dist. LEXIS 90702 (N.D. Cal. June 12, 2008); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS 31299 (N.D. Cal. Apr. 17, 2007); *Levi Strauss & Co. v. Zhejiang Weidu Garment Co.*, No. 16-cv-7824 (N.D. Ill. Nov. 17, 2016).

Courts have also recognized that the Hague Convention does not prohibit service by email. *See, e.g.,* *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013); *Facebook, Inc. v. Banana Ads, LLC*, 2012 U.S. Dist. LEXIS 42160, at *6–7 (N.D. Cal. Mar. 27, 2012).

Furthermore, Rule 4 does not require a plaintiff to attempt service by other methods enumerated in Rule 4(f) before seeking alternative service under Rule 4(f)(3). *Rio Props.*, 284 F.3d at 1014–15. Rule 4(f) does not create a hierarchy of preferred

methods of service. Rather, the Rule requires only that the method of service be directed by the Court and not prohibited by international agreement. Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but simply one permissible method of serving an international defendant. *Id.* Courts have likewise confirmed that the Hague Convention does not displace Rule 4(f)(3). See *Gianni Versace*, supra (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 2018 U.S. App. LEXIS 2976 (5th Cir. 2018)).

Finally, court-directed electronic service pursuant to Rule 4(f)(3) is particularly appropriate where there is a need for prompt notice that cannot be satisfied through Hague Convention procedures, especially where injunctive relief is sought. *Strabala*, 318 F.R.D. at 114 (citing 4B Fed. Prac. & Proc. Civ. § 1134 (4th ed.)). Accordingly, this Court may authorize service of Defendants by electronic publication and email.

For the foregoing reasons, Plaintiff respectfully requests that the Court authorize service of process on Defendants pursuant to Federal Rule of Civil Procedure 4(f)(3) by electronic means, including service by email and/or electronic publication, and grant such other and further relief as the Court deems just and proper.

Date: February 20, 2026

Respectfully submitted,

/s/ Mandy Yueqi Wu
Mandy Yueqi Wu
Valley & Summit Law
One Park Plaza, Suite 600
Irvine, California 92614
Tel: (949) 342-8013
mandy.wu@valleysummit
law.com

*Counsel for Plaintiff
Jianjia Chen*