## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Jianjia Chen,

        Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

        Defendant.

Case No. 1:26-cv-1894

Complaint Filed: 2/19/2026

## DECLARATION OF MANDY WU

I, Mandy Wu, declare as follows:

1.      I am an attorney at law, duly admitted to practice before the Courts of the State of California and the United States District Court for the Northern District of Illinois. I am counsel of record for Plaintiff Jianjia Chen ("Plaintiff") in this action. Except as otherwise expressly stated, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

2.      Based on my experience litigating intellectual property infringement matters involving offshore e-commerce sellers, such sellers offering infringing products for sale typically: (1) provide false, misleading, or incomplete names and physical address information to conceal their true locations and avoid liability for unlawful conduct; and (2) rely primarily on electronic communications to communicate with third-party service providers and customers. In my experience, even when a purported physical address is provided on an e-commerce storefront, it is often inaccurate or unreliable. By contrast, email has proven to be a reliable and effective

1

mechanism for providing notice to e-commerce store operators in similar cases, and defendants in numerous matters I have handled have confirmed receipt of actual notice via email.

3.  An investigation of the e-commerce storefront operated by Defendant, including the storefront identified in the Complaint, indicates that Defendant has not provided a valid or reliable physical address. In most instances, e-commerce platforms such as Amazon require sellers to provide an email address and a physical address at the time of account registration. However, unlike email addresses, which are typically verified by the platform, physical addresses are not meaningfully verified. Because an e-commerce seller can input any physical address, such addresses are often false and/or do not correspond to the seller's actual location. As a result, physical address information associated with Defendant is not a reliable means for identifying or locating Defendant for purposes of service of process.

4.  I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which the People's Republic of China is a signatory. The Hague Convention does not prohibit service of process by email. In addition, Article 1 of the Hague Convention provides that the Convention "shall not apply where the address of the person to be served with the document is not known." A true and correct copy of the Hague Convention and a list of signatory members are attached hereto as **Exhibit 1**.

5.  I have researched whether service of process by electronic mail pursuant to Federal Rule of Civil Procedure 4(f)(3) would be contrary to or likely to offend the laws of the People's Republic of China. I located an English-language translation of the Civil Procedure Law of the People's Republic of China, adopted on April 9, 1991. A true and correct copy of the translation downloaded from publicly available sources is attached hereto as **Exhibit 2**. Chapter VII, Section

2 of the Civil Procedure Law governs service of process. Based on my review, and upon information and belief, the law does not expressly preclude service of process by email and permits alternative methods of service in circumstances where a recipient's whereabouts are unknown or where service by other prescribed methods is impracticable. For example, Article 84 provides that where service cannot be effected by other methods, service may be accomplished by public announcement—a method even less likely to provide actual notice to a defendant than service by email.

I declare under penalty of perjury that the foregoing is true and correct.

Date: February 20, 2026

Respectfully submitted,

/s/ Mandy Yueqi Wu
Mandy Yueqi Wu
Valley & Summit Law
One Park Plaza, Suite 600
Irvine, California 92614
Tel: (949) 342-8013
mandy.wu@valleysummitlaw.com

*Counsel for Plaintiff*
*Jianjia Chen*

3