**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

JIANJIA CHEN,

Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

Defendant.

Case No. 1:26-cv-01894
Judge Jorge L. Alonso

_____/

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
**(Fed. R. Civ. P. 12(b)(6))**

Defendant OZLOOK (the "Moving Defendant"), by and through undersigned counsel,

respectfully moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the

Complaint (Dkt. No. 1) with prejudice for failure to state a claim upon which relief can be

granted. In the alternative, the Moving Defendant moves for dismissal without prejudice on the

basis of misjoinder under 35 U.S.C. § 299 and Federal Rule of Civil Procedure 21.

This Motion is based on the following grounds, each of which independently warrants

dismissal:

**I. THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM FOR DESIGN PATENT**
**INFRINGEMENT BECAUSE THE ASSERTED DESIGN IS PRIMARILY FUNCTIONAL**
**(35 U.S.C. § 171)**

Page 1 of 5

Design patents protect only the ornamental aspects of an article of manufacture. 35 U.S.C. § 171; "An article of manufacture necessarily serves a utilitarian purpose, and the design of a useful article is deemed to be functional when the appearance of the claimed design is "dictated by" the use or purpose of the article.*" LA Gear, Inc. v. Thom McAn Shoe Co.,* 988 F. 2d 1117, 1123 (Fed. Cir. 1993). Functional features—those dictated by the article's intended use—are not protectable.

The Asserted Patent (U.S. Patent No. D1,097,478 S or "`478 Patent") claims a basic slipper design whose overall shape, sole construction, slip-on configuration, and upper material are driven by functional considerations: cushioning, foot fit, ease of donning/doffing, durability, and indoor/outdoor use. Once these functional elements are filtered out, any remaining ornamental features (e.g., minor surface texture or trim) are minimal and insufficient to support a design patent monopoly.

Plaintiff's Complaint contains no allegations addressing (or overcoming) the predominantly functional nature of the claimed design. This is fatal at the pleading stage. The Complaint therefore fails to plausibly allege a protectable ornamental design and should be dismissed.

Assuming the pleading is sufficient, the feature of wrapping around design is not novel. For example, the design patent US D660,569 (`569 Patent") issued in 2012 featured such wrapping around. The Moccasins shoes with vamp wrapping around the heel section back in 1940. Moving Defendant incorporate the section with elaborate description and figures in their Response to Motion for Preliminary Injunction [DE 41] into the argument herein. Thus, the `478 Patent is invalid for anticipation and obviousness under 35 U.S.C. §§ 102 and 103.

## II. THE COMPLAINT FAILS TO PLAUSIBLY ALLEGE INFRINGEMENT UNDER THE ORDINARY OBSERVER TEST

Even assuming some ornamental aspects exist, the Complaint fails to plausibly allege that any Moving Defendant's products infringe. Under the ordinary observer test in *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc)), infringement exists only if the accused design is substantially the same as the claimed design in the eye of an ordinary observer.

Plaintiff's Complaint offers only conclusory allegations that certain products "look almost identical" to Plaintiff's product, without attaching images of the accused products side-by-side with the patent drawings or providing any factual detail permitting comparison. Such threadbare recitals are insufficient under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The products sold by the Moving Defendant contain distinct ornamental features and overall visual impressions that preclude a finding of infringement as a matter of law.

## III. MISJOINDER UNDER 35 U.S.C. § 299 AND FED. R. CIV. P. 20/21

Independent of the merits, the Complaint must be dismissed (or the Moving Defendant severed) because Plaintiff has improperly joined dozens of unrelated defendants in a single action.

35 U.S.C. § 299 (enacted as part of the America Invents Act) strictly limits joinder in patent cases: Accused infringers may be joined only if (1) the right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the same accused

product or process, and (2) questions of fact common to all Defendant will arise. Allegations that each defendant has infringed the same patent are expressly insufficient. 35 U.S.C. § 299(b).

Here, the Moving Defendant is an independent e-commerce sellers on the platform Shein selling different styles, colors, and variations of slippers, different from the rest TEMU, Amazon etc. sellers. There is no allegation (nor could there be) that they acted together in the same transaction or sold the identical accused product. Plaintiff's "Schedule A" joinder tactic is precisely what § 299 was enacted to prevent.

Misjoinder is properly addressed by dismissal or severance under Fed. R. Civ. P. 21..

## CONCLUSION

For the foregoing reasons, the Moving Defendant respectfully requests that the Court grant this Motion and:

(a) Dismiss the Complaint with prejudice under Rule 12(b)(6) for failure to state a claim; or

(b) In the alternative, dismiss or sever the claims against the Moving Defendant for misjoinder under 35 U.S.C. § 299 and Rule 21; and

(c) Award such other relief as the Court deems just and proper, including attorneys' fees and costs if appropriate.

Dated: May 19, 2026

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu
Florida Bar No. 1007675
The Law Offices of Jianyin Liu PLLC
9000 SW 157th Street

Page 4 of 5

Palmetto Bay, FL 33157

Email: jamesliulaw@gmail.com

Phone: (305) 209-6188

Counsel for Moving Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2026, a true and correct copy of the foregoing Emergency Motion was served via CM/ECF to all counsels of record.

/s/ Jianyin Liu

Jianyin Liu