**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JIANJIA CHEN,

Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No. 1:26-cv-01894
Judge Jorge L. Alonso

_____/

**MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO**
**FED. R. CIV. P. 12(b)(5) AND FOR FAILURE TO STATE A CLAIM PURSUANT TO**
**FED. R. CIV. P. 12(b)(6)**

Defendants OrangeShoe, yihanlu, HouJing Global, TuoFanguoji, guajiashoes, and

HouJingtrade (collectively, "Moving Defendants"), by and through undersigned counsel,

respectfully move this Court pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6)

to dismiss the Complaint with prejudice, or alternatively without prejudice. In support thereof,

Moving Defendants state as follows:

**I. INTRODUCTION**

On June 4, 2026, this Court correctly held that Plaintiff failed to demonstrate reasonable

diligence in ascertaining Defendants' addresses and that email service was improper under the

Hague Convention, citing *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, No.

25-2205, 2026 WL 1502198 (7th Cir. May 29, 2026). (ECF No. 107). The Court therefore

Page 1 of 3

dismissed the claims against multiple defendants for insufficient service and vacated defaults. The same defects apply equally to the Moving Defendants.

Additionally, as explained in Defendant OZLOOK's Motion to Dismiss (ECF No. 87), which Moving Defendants incorporate by reference, the Complaint fails to state a plausible claim for design patent infringement.

## II. INSUFFICIENT SERVICE OF PROCESS – FED. R. CIV. P. 12(b)(5)

Plaintiff's *ex parte* motion for alternative service (ECF No. 9) relied on conclusory assertions that Defendants' addresses were unverifiable, without providing any specific diligent search efforts for these Moving Defendants. As the Court noted, Plaintiff even possessed addresses for certain defendants in later filings, yet failed to use them.

Under the Seventh Circuit's recent holding in *Kangol*, email service on Chinese defendants is prohibited when the Hague Convention applies. Plaintiff has not shown that the Hague Convention does not apply here. Accordingly, service is insufficient, and the Complaint should be dismissed as to these Moving Defendants.

## III. FAILURE TO STATE A CLAIM – FED. R. CIV. P. 12(b)(6)

Even if service were proper, the Complaint must be dismissed for failure to state a claim. The asserted design patent is primarily functional and thus invalid under 35 U.S.C. § 171. The claimed slipper design is dictated by utilitarian considerations (cushioning, fit, durability, ease of use), leaving no protectable ornamental features. Plaintiff's threadbare allegations also fail the ordinary observer test under *Egyptian Goddess, Inc. v. Swisa, Inc*., 543 F.3d 665 (Fed. Cir. 2008) (en banc).

Furthermore, joinder of these unrelated defendants violates 35 U.S.C. § 299 and Fed. R. Civ. P. 20/21, as there is no common transaction or occurrence.

## IV. CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that the Court:

1. Grant this Motion and dismiss the claims against them with prejudice under Rules 12(b)(5) and 12(b)(6); or alternatively without prejudice;

2. Vacate any default or preliminary injunction as to these Defendants; and

3. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
9000 SW 157th St
Palmetto Bay, FL 33157
Tel: (305) 209-6188
Email: jamesliulaw@gmail.com

Counsel for Moving Defendants

Dated: June 9, 2026

### Certificate of Service

I certify that on June 9, 2026, a true copy of the foregoing was served via CM/ECF on all counsel of record.

/s/ Jianyin Liu

Page 3 of 3